USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/6/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, AND APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND ET AL.,

                                  Petitioners,

     -against-

U.S. TECH CONSTRUCTION CORP.,

                                  Respondent.

-----------------------------------------------------------------

20-cv-08371 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., District Judge:**

On October 7, 2020, Petitioners commenced this action to confirm and enforce an arbitration award against U.S. Tech Construction Corp. Respondent has neither responded to the petition nor appeared in this action. The Court grants the petition to confirm.

## BACKGROUND

Petitioners include the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, The Carpenter Contractor Alliance of Metropolitan New York ("the Funds"), and the New York City District Council of Carpenters (the "Union" and together with the Funds "Petitioners"). At all relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5) and section 501 of the LMRA, 29 U.S.C. § 142.

The Union is a labor organization and the certified bargaining representative for certain employees of Respondent. Pet. ¶ 6. Respondent was bound to collective bargaining agreements

with the Union, specifically, the Independent Building Construction Agreement. *Id*. ¶ 14. This agreement required Respondent to remit certain amounts of contributions to the Funds, *id*. ¶ 15, and to undergo an audit by the Funds, *id*. at ¶ 16.

The Funds conducted an audit and found that Respondent had not remitted all contributions as required. *Id*. ¶ 22. Respondents failed to pay the Audit findings. *Id*. ¶ 23. Petitioners initiated arbitration, and, despite having notice of the hearing date, Respondent did not appear at the arbitration proceeding. *Id*. at ¶ 24. The arbitrator and Petitioners proceeded in Respondent's absence, and on September 11, 2020, the arbitrator entered an award in Petitioners' favor. *Id*. ¶ 25. The arbitrator ordered the Respondent to pay the Funds $24,340.81, consisting of (1) the principal of $9,063.71; (2) interest of $1,870.90; (3) liquidated damages of $1,888.17; (4) court costs of $400; (5) non audit late payment interest of $49.28; (6) audit costs of $8,568.75; (7) attorney's fees of $1,500; and (8) the arbitrator's fees of $1,000. *Id*. ¶ 26. The arbitrator held that an interest rate of 5.25% will accrue on the Award amount from the date of its issuance. *Id*. ¶ 27.

Petitioners filed this action to confirm its arbitration award on October 7, 2020 and filed an affidavit of service on October 21, 2020. On November 30, 2020, the Court ordered Respondent to show cause why the Petition to Confirm Arbitration should not be deemed unopposed. To date, Respondent has not appeared or responded to Petitioners' motion to confirm their arbitration award. The Court now resolves the unopposed motion.

## DISCUSSION

Courts in this circuit evaluate unopposed motions to confirm an arbitration award under the same legal standard as a motion for summary judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006). The court will uphold the arbitrator's decision so long as there is a "barely colorable justification" for the award. *Landy Michaels Realty Corp. v. Loc. 32B-32J,*

*Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.,* 579 F.2d 691, 704 (2d Cir. 1978)).

Here, Respondent has failed to respond to the current action or appear at the underlying arbitration. Respondent has not made any objections related to the current motion or to the conduct of the arbitration. After examining Petitioners' submissions, the Court confirms the arbitrator's award because there is more than colorable justification for its outcome.

## CONCLUSION

For the above reasons, the Court grants the petition, the award is confirmed, and judgment is entered in Petitioners' favor as follows:

1. Awarding Petitioners $24,340.81 as against U.S. Tech Construction Corp., pursuant to the September 11, 2020 arbitration award (the "Award"), plus interest from the date of the Award through the date of judgment with interest to accrue at the annual rate of 5.25% pursuant to the Award;

2. Awarding Petitioners $73 in court costs and service fees arising out of the proceeding;

3. Awarding Petitioners $1,220 in attorney's fees arising out of the proceeding; and

4. Awarding Petitioners post-judgment interest at the statutory rate.

The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.
Dated: October 6, 2022
    New York, New York

                          **ANDREW L. CARTER, JR.**
                           **United States District Judge**